```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X      For Online Publication Only
DONALDSON INTERIORS, INC.,
                                                                             ORDER
                                        Plaintiffs,                          16-cv-06970 (JMA) (AYS)

                -against-                                                    FILED
                                                                             CLERK
ALPLY INSULATED PANELS, LLC,
                                                                             5/6/2019 10:12 am

                                        Defendant.                           U.S. DISTRICT COURT
                                                                             EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X      LONG ISLAND OFFICE
```

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Donaldson Interiors, Inc. for default judgment against defendant Alply Insulated Panels, LLC. For the reasons stated herein, plaintiff's motion is GRANTED[1] and plaintiff is directed to submit evidence to the Court concerning damages within sixty (60) days of the date of this Order.

## I. DISCUSSION

### A. **Defendant Defaulted**

Plaintiff filed the complaint for breach of contract and indemnification on December 16, 2016. (ECF No. 1.) Defendant was properly served, but failed to timely respond, so the Clerk of the Court issued a certificate of default on February 3, 2017. (ECF No. 8.) Defendant then appeared and filed an answer to the complaint, after the parties agreed to vacate the default. (ECF No. 10.) For more than a year and a half, the parties litigated this matter through counsel, until November 2018 when counsel for defendant filed a motion to withdraw as counsel, citing disputes between counsel and the defendant as well as substantial unpaid attorneys' fees. (ECF No. 39.)

---

[1] As plaintiff is receiving its requested relief, plaintiff's motion for a pre-motion conference in anticipation of a motion for default (ECF No. 45) is hereby terminated as moot.

On November 13, 2018, Magistrate Judge Shields held a hearing and granted the motion to withdraw. (ECF No. 42.) Judge Shields stayed discovery for thirty (30) days to permit defendant to retain new counsel. (Id.) She warned defendant that, as a corporate entity, defendant could not represent itself in the action, and failure to obtain new counsel could result in a default judgment. (Id.) This order was properly served on defendant. (See ECF No. 44.)

Well over thirty days have passed, and to date, defendant has failed to obtain new counsel or otherwise communicate with the Court. Accordingly, the defendant is in now default[2]. See Cabrera v. Canela, 14-cv-4874, 2018 U.S. Dist. LEXIS 92368, at *6 (E.D.N.Y. Apr. 19, 2018) ("I therefore respectfully recommend that a default be entered against [defendant], as a corporation cannot proceed *pro se* in federal court.") report and recommendation adopted by 2018 U.S. Dist. LEXIS 89553 (E.D.N.Y. May 24, 2018); Nuriddinov v. Masada III, Inc., 15-cv-5875, 2016 U.S. Dist. LEXIS 101703 (E.D.N.Y. July 28, 2016) report and recommendation adopted by 2016 U.S. Dist. LEXIS 208781 (E.D.N.Y. Aug. 15, 2016) (finding corporate defendant in default when it failed to obtain counsel pursuant to court order).

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish the defendant's liability for breach of contract.

---

[2] As a result of defendant's default, the motion for a pre-motion conference in anticipation of a motion for summary judgment, (ECF No. 37), filed by former defense counsel, is dismissed

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

The instant motion does not include a request for damages. Accordingly, the Court cannot at this time "ascertain the amount of damages with reasonable certainty." Id. In order to award damages for defendant's default, plaintiff must submit evidence regarding damages to the Court no later than sixty (60) days from the date of this Order.

### II. CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment (ECF No. 46) is granted; plaintiff's motion for a pre-motion conference (ECF No. 45) is terminated as moot; and defendant's motion for a pre-motion conference (ECF No. 37) is dismissed. Plaintiff is directed to submit evidence regarding damages to the Court no later than sixty (60) days from the date of this Order. Should plaintiff fail to submit damages within sixty (60) days, the Clerk of the Court will be directed to mark this case closed.

**SO ORDERED.**

Dated: May 6, 2019  
Central Islip, New York                    \_\_\_\_\_/s/ (JMA)_____  
                                           JOAN M. AZRACK  
                                           UNITED STATES DISTRICT JUDGE